IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
                            :
        v.                  :        CRIMINAL NO. 02-495-02
                            :
MICKEY ALLEN WEICKSEL       :

SURRICK, J.                                          FEBRUARY 17, 2006

### MEMORANDUM &ORDER

Presently before the Court is the Motion In Limine filed by Defendant Mickey Allen

Weicksel (Doc. No. 25) and the Government's Response thereto (Doc. No. 31).  For the

following reasons Defendants Motion will be denied.

Defendant seeks to exclude evidence of a handwritten letter which includes incriminating

statements.  On October 15, 1998, Defendant was arrested and held in Lancaster County Prison on a

charge unrelated to the instant offense.  During a routine examination of Defendant's personal effects,

a law enforcement officer found this letter in Defendant's wallet.  The letter, though never mailed, was

addressed to the Lancaster County District Attorney and a Lancaster County Detective, and was

signed in Defendant's name.  In the letter, Defendant admitted participation in activities similar in

nature to those for which he is currently charged.

Defendant objects to the letter's authenticity.[1]  Under Federal Rule of Evidence 901, "the

requirement of authentication or identification as a condition precedent to admissibility is

satisfied by evidence sufficient to support a finding that the matter in question is what its

---

[1] Defendant argues "[t]he letter has never been proven to be written by Mr. Weicksel and therefore will unduly confuse the jury" and "[t]here was no proof that Mr. Weicksel actually wrote these words."  (Doc. No. 25 ¶¶ 6, 9.)

proponent claims." Fed. R. Evid. 901(a).  Evidence will be presented to the jury, the ultimate

arbiter of its credibility, upon a mere prima facie showing of authenticity.  *Link v. Mercedes-Benz*

*of N. Amer.*, 788 F.2d 918, 928 (3d Cir. 1986).  A "full argument of admissibility" is not required

in this context.  *Id.*  With regard to the subject evidence, "[n]onexpert opinion as to the

genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation"

may act as a valid means of authentication.  Fed. R. Evid. 901(b)(2); *see also United States v.*

*Rutherford*, Crim. No. 05-00126-1, 2006 U.S. Dist. LEXIS 4132, at *9 (E.D. Pa. Jan. 26, 2006);

*United States v. Whittington*, 783 F.2d 1210, 1215 (5th Cir. 1986).   An item's distinctive

characteristics can also serve this purpose.  Fed. R. Evid 901(b)(4).  For instance, the contents of

the writing and the circumstances of its discovery can link it to its purported creator.  *See United*

*States v. McGlory*, 968 F.2d 309, 328-31 (3d Cir. 1992).

Here, the Government intends to produce evidence indicating this letter was found in

Defendant's wallet.  The contents of the writing will be shown to be consistent with information

and persons alleged to have been known by Defendant.  Witnesses will testify that they became

familiar with Defendant's handwriting through interaction prior and unrelated to this litigation,

and that the handwriting in the letter is the same as Defendant's.  In addition, the Government

will introduce other evidence of Defendant's handwriting for purposes of comparison.   Subject

to this authentication, we are satisfied that the letter may be admitted at trial.  "'Once the

evidence is admitted the question becomes one of credibility and probative force and the trier

may ultimately disbelieve the proponent's proof and entirely disregard or substantially discount

the persuasive impact of the evidence admitted.'"  *Whittington*, 783 F.2d 1210 (quoting

Weinstein & Berger, *Weinstein's Evidence* ¶ 901(a)[01], 901-16-17 (1985)).

Defendant also objects based upon Federal Rule of Evidence 403, which states that,

"[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed

by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by

consideration of undue delay, waste of time, or needless presentation of cumulative evidence."

Fed. R. Evid. 403.  Courts interpreting and applying Rule 403 have generally operated under a

presumption of admissibility that is overcome infrequently.  *United States v. Cross*, 308 F.3d

308, 323 (3d Cir. 2002) (citing *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657,

664-65 (3d Cir. 2000)).

This letter contains unequivocal statements of self-incrimination.  Therefore, its probative

value is quite high.  The most apparent risk of unfair prejudice arises from the circumstances

surrounding the letter's discovery, which would indicate Defendant had been arrested for an

unrelated crime.  However, this risk can be appropriately mitigated by the method through which

the evidence is presented and, if necessary, by a limiting instruction.[2]  *See United States v.*

*Cohen*, 171 F.3d 796, 801 (3d Cir. 1999) ("proper limiting instruction" can cure a potential

prejudicial effect).  Furthermore, claims that the testimony necessary to authenticate will create

an undue delay or that this evidence is needlessly cumulative are unpersuasive.  We conclude that

---

[2] Federal Rule of Evidence 404(b) bars the admission of evidence of other crimes, wrongs, or acts, except under certain circumstances inapplicable here.  Admission of the letter, however, need not implicate this rule or Rule 403.  The Government proposes to limit its questioning such that the jury does not become aware of Defendant's prior arrest.  We are satisfied that this approach will limit the risk of unfair prejudice.

the probative value of this evidence is not substantially outweighed by the danger of unfair

prejudice, confusion, delay or the needless presentation of cumulative evidence.  Accordingly,

we will permit the Government to properly use this evidence at trial.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
                               :
        v.                     :        CRIMINAL NO. 02-495-02
                               :
MICKEY ALLEN WEICKSEL          :

## ORDER

AND NOW, this 17th day of February, 2006, upon consideration of the Motion in Limine

filed by Mickey Allen Weicksel (Doc. No. 25) and the Government's response thereto, it is

ORDERED that the Motion is DENIED.

IT IS SO ORDERED.


                                        BY THE COURT:


                                        S/R. Barclay Surrick
                                        _____
                                        R. Barclay Surrick, Judge